IN THE MATTER OF WEST NEW YORK POLICE SUPERVISORS ASSOCIATION, APPELLANT, v. JOHN SANTA MARIA, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1989—Decided July 24, 1989.

Before Judges KING, BRODY and ASHBEY, JJ.

*Alfred G. Osterweil* argued the cause for appellant.

*John Santa Maria,* respondent, argued the cause *pro se.*

*Robert E. Anderson,* General Counsel, argued the cause for Public Employment Relations Commission.

The opinion of the court was delivered by

BRODY, J.A.D.

The West New York Police Supervisors Association (PSA), an employee organization certified to represent supervisory West New York police officers, appeals from an order of the Public Employment Relations Commission (PERC). The order invalidates a PSA bylaw that requires as a precondition of membership that an applicant pay a "penalty" in an amount equal to the total monthly dues he would have paid had he applied six months after first becoming a supervisory officer. PSA barred John Santa Maria, the charging party, from membership because he refused to pay the penalty.

PERC accepted its hearing examiner's factual findings but rejected his determination that the issue was solely an internal employee organization dispute outside PERC's jurisdiction. PERC concluded that the bylaw was an unfair practice as defined in the New Jersey Employer–Employee Relations Act, *N.J.S.A.* 34:13A–1 *et seq.* (act), which defines public employee organization unfair practices to include "[i]nterfering with, restraining or coercing employees in the exercise of the rights guaranteed to them by this act." *N.J.S.A.* 34:13A–5.4b(1). The act guarantees public employees "the right, freely and without fear of penalty or reprisal, to ... join ... any employee organization or to refrain from any such activity...." *N.J.S.A.* 34:13A–5.3. PERC has "exclusive power" to prevent anyone from engaging in an unfair practice. *N.J.S.A.* 34:13A–5.4c. We affirm.

The bylaw is as follows:

## ARTICLE II

### MEMBERSHIP

Section 3.  New members shall submit to the Association an initiation fee of Fifty ($50.00) dollars, and shall pay dues in the amount of Twelve ($12.00) Dollars per month.

(a) any police officer with the present rank of Sergeant or above, may within ninety (90) days join this Association by submitting the initiation fee.  Thereafter, a penalty of Twelve ($12.00) Dollars per month shall be paid in addition to the initiation fee.

(b) any police officer promoted, in the future, shall be subject to the same ninety (90) day grace period, beginning with the date of promotion.[1]  Thereafter, he shall be subject to the same penalty as in (a) above.

Although PSA had been formed over a year earlier, supervisory officers were still represented by the West New York Police Benevolent Association (PBA), the certified representative for all West New York police officers, when Santa Maria was promoted to Sergeant.  He was an officer and an active member of PBA and declined to join PSA when he was promoted.  At the time, PSA was challenging PBA for the right to represent supervisory officers.  As soon as PERC certified PSA as the majority representative of supervisory officers, Santa Maria applied to PSA for membership but was rejected when he refused to pay the penalty.

We begin by noting that we must give "due deference" to PERC's interpretation of the act, which the Legislature has assigned it to enforce.  *In re Bridgewater Tp.*, 95 *N.J.* 235, 244 (1984).  PERC's determination will stand "unless it is clearly demonstrated to be arbitrary or capricious." *State v. Prof. Assoc. of N.J., Dept. of Ed.*, 64 *N.J.* 231, 258–259 (1974).

Because the PERC order under review totally invalidated the bylaw, we must consider not only whether PERC properly

---

[1]PSA begins to count the 90 days after the officer has completed his three-month probation period following promotion.

exempted Santa Maria from its application because of his special circumstances, but also whether PERC properly invalidated the bylaw as it applies to applicants who have become supervisory officers since PERC certified PSA as the majority representative of supervisory officers.

As the bylaw applies to Santa Maria, PSA argues that unless, as a condition of becoming a member, he is assessed dues for the months when he declined to be a member, he will receive a "free ride" by benefitting at no cost from PSA's efforts to become a more effective representative of supervisory officers than PBA had been. That particular "free ride," however, is also received by officers promoted after PERC certified PSA who are not required to pay a penalty because they could not have been PSA members before PSA was certified.

PERC was particularly sympathetic to Santa Maria's argument that requiring him to join PSA while PBA was his certified representative would unfairly compel him to compromise his demonstrated loyalty to the certified employee representative. PERC did not act arbitrarily in concluding that by penalizing Santa Maria for refusing to compromise that loyalty, PSA interfered with his statutory "right, freely and without fear of penalty or reprisal, to ... join ... any employee organization or to refrain from any such activity...." *N.J.S.A.* 34:13A–5.3.

As the bylaw applies to applicants for membership promoted after PERC certified PSA to be the majority representative of supervisory officers, PSA argues that applicants who had declined to join PSA upon promotion should pay the penalty as a condition of membership because they received a "free ride" by benefitting at no cost from PSA's efforts as their bargaining representative during the time that they chose not to be dues-paying members. The Legislature has specifically addressed this inequity, however, by granting a majority representative of public employees the right to negotiate with the public employer for the collection of a "representation fee in lieu of dues for services rendered" through payroll deductions from the wages

or salaries of nonmember employees in its bargaining unit. *N.J.S.A.* 34:13A–5.5.

The act did not permit PSA to collect a representation fee in lieu of dues from nonmembers when the matter was heard below because PSA had not negotiated a representation fee agreement with the employer. *N.J.S.A.* 34:13A–5.5. Even if it had such an agreement, however, the fee collected could not have exceeded "85% of the regular membership dues, fees and assessments." *N.J.S.A.* 34:13A–5.5b.

A majority representative of public employees may not circumvent the provisions of *N.J.S.A.* 34:13A–5.5 to 34:13A–5.8, which define the conditions and strictures attached to the right to collect a representation fee in lieu of dues, by adopting a bylaw that requires applicants to pay, as a condition of membership, a penalty in the amount of 100% of back dues covering a period when the applicant chose not to be a member.

We reject PSA's argument that the bylaw deals only with internal employee organization matters in which PERC has no legitimate interest. PERC did not act arbitrarily in concluding that the bylaw deprived public employees of rights guaranteed by the act.

Affirmed.